HON. EDWARD THOMPSON Deputy Administrative Judge City of New York
This is in response to your request for an opinion as to whether a clerk of the New York City Civil Court may collect fees from the City or the State when such bodies are represented by private counsel.
New York City Civil Court Act, § 1912(b) provides:
 "* * * In an action brought in the name of the people of the state of New York by the attorney-general, or in the name of the city of New York or of any department, board or officer thereof, by the corporation counsel of the city of New York, for the recovery of a penalty, no fees shall be required to be paid by the plaintiff to the clerk and no costs shall be taxed against the plaintiff; but in case such plaintiff recovers judgment, the costs and taxable disbursements shall be included therein, and if collected shall be accounted for."
However, CPLR, § 8017 provides that:
 "Notwithstanding any other provision of this article or any other general, special or local law relating to fees of clerks, no clerk shall charge or collect a fee from the state, or an agency or officer thereof, for any service rendered in an action in which any of them is involved, nor shall any clerk charge or collect a fee for filing, recording or indexing any paper, document, map or proceeding filed, recorded or indexed for the county, or an agency or officer thereof acting in an official capacity, nor for furnishing a transcript, certification or copy of any paper, document, map or proceeding to be used for official purposes." (Emphasis supplied.)
Therefore, as provided by statute, a clerk of the New York City Civil Court may not collect fees from the State.
In regard to the fees charged to the City, CPLR, § 8019(d) provides:
 "A clerk of a county within the city of New York shall not charge or receive any fee from the city of New York or the State of New York or from any agency or officer of either acting in official capacity."
Although CPLR, § 8019(d) does not apply specifically to a clerk of New York City Civil Court, it does offer evidence of the Legislature's intent in this area.
It is apparent that it was the intent of the Legislature to exempt the City (and the State) from the payment of fees in all cases. It is the nature of the parties to an action and not the nature of the counsel representing those parties which is controlling.
In an action brought in the name of the State or the City, the payment of any fees would come from the respective public treasuries, and not from the counsel representing the parties. It would appear that the phrases "by the attorney-general of the state" and "by the corporation counsel of the city" in New York City Civil Court Act, § 1912(b) were included only to emphasize that those cases entitled to exemption from fees are cases brought officially by the State or the City and not by officers in their private capacity or by private persons.
Furthermore, the Attorney General is authorized to "prosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state * * *." (Executive Law, § 63.) Additional counsel may be employed to assist in the transaction of legal business (Executive Law, § 67). Therefore, when private counsel is retained to represent the State, such counsel is acting on behalf of the Attorney General.
Likewise, the Corporation Counsel of the City of New York is the attorney for the City of New York and every agency of that City (New York City Charter, § 391 et seq.). Therefore, in a situation where private counsel is retained by the City, such counsel acts on behalf of the Corporation Counsel.
I conclude therefore that a clerk of the New York City Civil Court may not collect fees from the City or State whether such bodies are represented by public or private counsel.